BRIAN IRION, ESQ. (SBN #119865)
LAW OFFICES OF BRIAN IRION
611 Veterans Blvd., Suite 209
Redwood City, California  94063
Tel: 650.363.2600
Fax: 650.363.2606
birion@thedesq.com

Attorneys for Plaintiff Jiajie Zhu

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAJIE ZHU, an individual,<br><br>        Plaintiff,<br><br>        vs.<br><br>JING LI, an individual; and DONG CHEN, an individual,<br><br>        Defendants | Case No. 4:25-CV-10946 JSW (TSH)<br>Related Case: 4:25-02534-JSW<br><br>Stipulation and ~~Proposed~~ Discovery Order<br><br>Action filed: 12/23/2025 |

Pursuant to this Court's order at ECF 29, the parties have met and conferred through counsel and submit this stipulation and proposed discovery order for the Court's consideration and ruling in lieu of a joint discovery dispute letter brief.

**Background**

Jiajie ("Martin") Zhu ("Plaintiff") obtained a judgment in the Related Case 4:19-02534  (the "Related Case") awarding him damages against defendants Dong ("Tony") Chen and his wife Jing Li (collectively "Defendants").  Mr. Zhu also commenced enforcement efforts and supplemental discovery proceedings under Rule 69 in connection with the Related Case.  Those supplemental proceedings included two sets of requests for production, interrogatories, and transcripts of judgment debtor examinations of the Defendants together with responses thereto (collectively, the "Post-Judgment Discovery".)

Mr. Zhu desires to use Post-Judgment Discovery and the fruits of such discovery in the above-entitled present case (this "Action").

Stip. and Discovery Order                    Page 1

The Parties agree as follows:

1. Within fifteen (15) days from the date of the entry and the electronic service of an order approving this stipulation, Plaintiff's counsel shall deliver to Defendants' counsel complete, legible, and accurate electronic copies of all Post-Judgment Discovery, specifically including, but not limited to: (a) subpoenas (including subpoenas duces tecum), (b) interrogatories, (c)  requests to produce documents, and (e) transcripts of examinations generated, issued, served, produced, exchange, and/or received in connection with or related to the Post-Judgment Discovery.

2. This Stipulation is not intended to constitute a stipulation to the authenticity of one or more of the Post-Judgment Discovery items.  Their admissibility into evidence shall still be conditioned and contingent upon the satisfaction of the authentication requirements of Rules 901-903 of the Federal Rules of Evidence.

3. Such Post-Judgment Discovery items as are timely produced and are properly authenticated, (specifically including, but not limited to, any examination transcript), may thereafter be used in this case as though such item(s) were generated, propounded, served, responded to, and/or produced in this Action.

4. The judgment debtor interrogatories propounded in the Related Case shall not be counted against the maximum number of interrogatories which either party may serve  Plaintiff may serve in this Action as otherwise authorized pursuant to Rule 33 of the Federal Rules of Civil Procedure .

5. Defendants shall have thirty-five (35) days from the date of the delivery of any transcripts to issue, deliver, and/or serve any errata or notice of change of testimony to Plaintiff's counsel and to the certified shorthand reporter(s) who have custody of the original transcripts.[1]

6. The judgment debtor examinations shall not limit Plaintiff from taking additional depositions in this case as otherwise authorized pursuant to Rule 30 of the Federal Rules of Civil Procedure.

---

[1] JAN BROWN & ASSOCIATES
701 Battery St., 3rd Floor, San Francisco, CA 94111
(415) 981-3498 or (800) 522-7096

---

7. A copy of this Stipulation and Court's Order approving this Stipulation shall be provided to the certified shorthand reporter(s) who transcribed the post-judgment examinations.

8. If Plaintiff produces copies which include any comments, highlights, or work product notations, Defendants shall return the same to Plaintiff's counsel conditioned upon then receipt of "clean" copies to be generated and provided by Plaintiff,. The delivery of documents including any such comments or notations shall not constitute a waiver of the work product or attorney-client privilege.

Dated: May 29, 2026                     Law Offices of Brian Irion

                                        By:/s/ Brian Irion
                                        Attorneys for plaintiff Martin Zhu

Dated: May 29, 2026                     Estavillo Law Group

                                        By: /s/ Ignacio Lazo
                                        Attorney for Defendants

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Brian Irion, attest that concurrence in the filing of this document has been obtained from Ignacio Lazo. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Brian Irion

**ORDER**

Having reviewed the above stipulation and finding good cause therefore, it is SO ORDERED.


Dated:  May 29, 2026_

Thomas S. Hixson
United States Magistrate Judge